**Opinion issued February 10, 2026**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

**NO. 01-24-00225-CV**

—————————————

**IN RE STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
**Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relator, State Farm Mutual Automobile Insurance Company, filed a petition for writ of mandamus challenging the trial court's February 19, 2024 order granting the motion to compel the deposition of a State Farm corporate representative filed by real party in interest, Jennifer Coleman.[1] On June 21, 2024, relator notified this

---

[1] The underlying case is *Jennifer Coleman v. State Farm Mutual Automobile Insurance Co.*, Cause No. 2023-33122, in the 133rd District Court of Harris County, Texas, the Honorable Nicole V. Perdue presiding.

Court that the Texas Supreme Court had granted oral argument in a similar case, and that the "resolution of the issues" in that case would "likely guide this Court's resolution of the pending issues" in this original proceeding.

Accordingly, on August 20, 2024, the Court abated this original proceeding pending resolution of the Texas Supreme Court case and directed relator to notify the Court of the resolution of that case in the Texas Supreme Court. On April 29, 2025, relator notified the Court that the Texas Supreme Court had resolved that case but requested that the abatement continue "until the parties [could] complete mediation on May 8, 2025." On May 27, 2025, relator notified the Court that the parties settled this case at mediation and would "notify this Court when the settlement [was] complete."

On January 22, 2026, relator filed a letter notifying the Court that settlement had been completed and the trial court cause had been dismissed. Relator therefore requested that "the Court . . . dismiss this case in the court of appeals."

We construe relator's January 22, 2026 letter as a motion to voluntarily dismiss this original proceeding. The motion does not include a certificate of conference stating whether real party in interest opposed dismissal of the original proceeding. *See* TEX. R. APP. P. 10.1(a)(5). However, more than ten days have passed, and no party has responded to the motion. *See* TEX. R. APP. P. 10.3(a)(2).

We therefore reinstate this original proceeding to the Court's active docket, lift the stay imposed by our March 22, 2024 order, grant relator's motion, and dismiss this mandamus proceeding. All other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Caughey, and Dokupil.